■ CHARLES MIDDLETON, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 58534.)—Appeal from an order of the Court of Claims, entered October 4, 1974, which granted claimant's motion for an order of discovery and inspection of all records pertaining to the arrests, convictions, detentions and release of claimant. In connection with an action for false imprisonment, claiming he was not given credit for presentence jail time and, as a result thereof, was forced to spend extra time in prison, claimant brought a motion for discovery and inspection pursuant to CPLR 3101 and 3120. The court granted the motion in full, including claimant's parole board reports and probation reports, excluding, however, any privileged information contained in such records and reports. From that order the State has appealed, disputing only the discoverability of the parole board and probation reports. Subsequent to this appeal claimant's attorney requested certain information from the Attorney-General and agreed that if it was furnished and contained the necessary material he would stipulate that the parole records need not be produced. The information was provided and proved satisfactory. Claimant then moved to dismiss the appeal on the ground that it is moot. We now grant the motion. Appeal dismissed as moot, without costs. Greenblott, J. P., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.

■ In the Matter of JOSEPH R. HEALEY, Appellant, v BENJAMIN WARD, as Commissioner of Corrections, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered April 21, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review the determination of the Department of Correction as to his maximum expiration, conditional release, and parole eligibility dates and to require compliance with sections 218 and 219 of the former Correction Law. The issues raised by petitioner in this proceeding were all raised by him in a prior application which was dismissed on the merits. This court affirmed without opinion *(Matter of Healey v Preiser,* 47 AD2d 598, mot for lv to app den 36 NY2d 646). Accordingly, Special Term properly dismissed the present petition on the ground of *res judicata.* We note that several parole revocation hearings have been scheduled and postponed because petitioner appeared without counsel. Another such hearing is scheduled and if petitioner thereafter asserts he was denied the assistance of counsel, the remedies of a timely CPLR article 78 proceeding or a writ of habeas corpus are available to him. Judgment affirmed, without costs. Greenblott, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur.